Katherine ANDERSON, a minor, by Ronald C. ANDERSON and Melinda Pattee, her parents and natural guardians, Appellant (C9–93–2426), Respondent (C5–94–182),

v.

Stephen SHAUGHNESSY, Jr., Respondent (C9–93–2426), Appellant (C5–94–182),

Independent School District No. 273, Petitioner, Appellant,

Stephen SHAUGHNESSY, Jr., Defendant and Third–Party Plaintiff, Respondent (C9–93–2426), Appellant (C5–94–182),

v.

BENJAMIN SHERIDAN CORPORATION, a DIVISION OF SHERIDAN PRODUCTS, et al., Pursuit Marketing, Third–Party Defendants, Respondents.

Nos. C9–93–2426, C5–94–182.

Supreme Court of Minnesota.

Jan. 13, 1995.

Rehearing Denied Feb. 28, 1995.

Kay Nord Hunt, Ehrich L. Koch, Marc A. Johannsen, Minneapolis, for appellant.

Richard J. Shieffer, John W. Wood, Jr., Johnson & Wood, P.A., Wayzata, for Katherine Anderson, etc., appellant (C9–93–2426), respondent (C5–94–182).

Austin Ditzler, Minneapolis, for Benjamin Sheridan Corp.

Mark J. Peschel, Minneapolis, for Stephen Shaughnessy, Jr., respondent (C9–93–2426), appellant (C5–94–182).

## OPINION

TOMLJANOVICH, Justice.

We granted the petition for further review to consider the question of the propriety of the court of appeals' reversal of the summary judgment entered in the school district's favor. The court of appeals concluded the school district owed a duty to Katherine Anderson, and reversed the summary judgment and remanded the questions of any breach of that duty and causation for trial with other claims asserted by the plaintiffs against other named defendants. *Anderson v. Shaughnessy*, 519 N.W.2d 229 (Minn.App. 1994). We reverse.

Plaintiff, Katherine Anderson, a student in Independent School District No. 273, was safely transported on a school bus to her destination. She and fellow student Stephen Shaughnessy disembarked, the school bus departed, and shortly thereafter, Anderson was injured when a paintball pistol held by Shaughnessy discharged. The plaintiffs sought to impose a duty on the school district on the basis that while the students

were riding the bus, its driver was informed by another bus driver that Shaughnessy had a paintball pistol, had fired it from the bus window, and was brandishing it. The driver was told that it was a squirt gun and, at the driver's direction, Shaughnessy put the pistol away. No further incident occurred until after the students had exited the bus and it had departed. The trial court refused to extend the school district's duty to safely transport its students beyond the point of safe disembarkment. We agree.

The duty of care with respect to transporting school children has yet to be expanded beyond the safe deposit of the children at their scheduled destinations in a manner designed to allow their safe crossing of streets after disembarkment and we decline to do so here. Restatement (Second) of Torts § 314A cmt. c (1965).

Reversed and summary judgment in favor of the school district is reinstated.